# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| MALIK J. POLITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV408-064 |
| | ) | |
| THOMAS AMMONS, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Malik Polite, an inmate at Autry State Prison in Pelham, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his petition, Polite alleges that his trial and appellate counsel provided ineffective assistance, his conviction was not supported by sufficient evidence, and the trial court made certain constitutional errors. (Id.) Respondent Thomas Ammons has filed a motion to dismiss Polite's petition as untimely. (Doc. 15.) For the reasons that follow, Ammons' motion should be **GRANTED** and Polite's petition should be **DISMISSED**.

## I. PROCEDURAL HISTORY

On September 10, 2003, a Chatham County jury convicted Polite of armed robbery, possession of a firearm in commission of a crime, and criminal damage to property. (Doc. 15-2 at 1; Doc. 1 at 2.) He was sentenced to serve fifteen years' imprisonment. (Doc. 1 at 2.) Polite directly appealed to the Georgia Court of Appeals, which affirmed the conviction and sentence on May 10, 2005. Polite v. State, 614 S.E.2d 849 (Ga. Ct. App. 2005). He then filed a petition for certiorari in the Georgia Supreme Court, which was denied on October 3, 2005. Polite v. State, 2005 Ga. LEXIS 689, at *1 (Ga. Oct. 3, 2005).

On October 5, 2006, Polite filed a habeas corpus petition in the Mitchell County Superior Court, challenging his Chatham County convictions. (Resp. Ex. 3.) After holding a hearing, the state habeas court denied relief on June 13, 2007. (Resp. Ex. 4.) On October 9, 2007, the Georgia Supreme Court denied Polite's application for a certificate of probable cause to appeal the habeas denial. (Resp. Ex. 5.) On March 10, 2008, Polite executed the presen § 2254 petition.[1] (Doc. 1.)

---

[1] The petition was mistakenly filed in the Middle District of Georgia, but it was subsequently transferred to this Court. The petition was received by the Middle District on March 17, 2008, but it was signed on March 10, 2008. (Doc. 1.) Because it has no bearing on the disposition of respondent's motion to dismiss as untimely, the Court will

## II. LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).

A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002) (quoting Kaufmann v. United States, 282 F.3d 1336, 1339 (11th Cir. 2002)). Polite "was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the [state] Supreme Court." Id. at 771 (citing Sup. Ct. R. 13.1). The Supreme Court of Georgia denied certiorari on October 3, 2005. Polite,

---

assume that Polite submitted his petition to prison authorities on the same day he signed it.

3

2005 Ga. LEXIS 689, at *1. He did not seek United States Supreme Court review. (Doc. 1 at 3.) Accordingly, his judgment became final on January 2, 2006, ninety days after the Georgia Supreme Court's denial of certiorari.[2]

The time during which a petitioner seeks post-conviction relief from the pertinent judgment in state court does not count toward the one-year limitations period. § 2244(d)(1)(A); § 2244(d)(2); Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002). As noted above, Polite filed his state habeas corpus petition on October 5, 2006, and the state habeas court denied relief on June 13, 2007. The Georgia Supreme Court denied probable cause to appeal the habeas decision on October 9, 2007. Polite, therefore, may only exclude the period between October 5, 2006 and October 9, 2007 from the calculation of the one-year limitations period. Tolling the limitations period for those dates, Polite allowed 276 days to elapse between the expiration of the time his conviction became final and the time he filed his state habeas petition. He allowed an additional 153 days to elapse between the Georgia Supreme Court's denial of probable cause to appeal the state habeas

---

[2] The ninetieth day after the conviction fell on Sunday, January 1, 2006. Accordingly, Polite had until the following Monday to petition for certiorari.

petition and the filing of the present action. Consequently, a total of 429 days ran before he filed this § 2254 petition, which is well over the 365 days contemplated in § 2244. As Polite's petition was filed after the one-year limitations period for seeking federal habeas review had expired, the instant petition should be **DISMISSED** as untimely.

**SO REPORTED AND RECOMMENDED** this 27th day of May, 2008.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA